<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| HERIBERTO RODRIGUEZ, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 09-6223 (RBK) |
| v. | : | |
| BUREAU OF PRISONS, et al., | : | <u>OPINION</u> |
| Respondents. | : | |

**APPEARANCES:**

    HERIBERTO RODRIGUEZ, #56588-054
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

    JOHN ANDREW RUYMANN, Assistant U.S. Attorney
    PAUL J. FISHMAN, U.S. ATTORNEY
    402 E. State Street
    Trenton, New Jersey 08640
    Attorneys for Respondents

**KUGLER**, District Judge

    Heriberto Rodriguez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of good conduct time and telephone use privileges forfeited as disciplinary sanctions for multiple disciplinary charges.  Respondents filed an Answer, together with the declaration of Tara Moran and relevant documents.  For the reasons expressed below, the Court will dismiss the Petition with prejudice.

## I.  BACKGROUND

Petitioner challenges a series of disciplinary sanctions, which included the loss of 41 days of earned good conduct time and loss of telephone privileges from January 4, 2005, through September 27, 2012, imposed by the Bureau of Prisons ("BOP") as disciplinary sanctions while Petitioner was confined as a pretrial detainee at the Metropolitan Detention Center in Brooklyn, New York.[1]  Petitioner argues that the BOP abused its discretion and violated Due Process by imposing multiple sanctions for the same conduct and by imposing sanctions in excess of those permitted by BOP regulations, i.e., revoking telephone privileges for over seven years.

Respondents filed an Answer, arguing that Petitioner failed to exhaust administrative remedies and that the BOP did not abuse its discretion or violate federal law.  In addition, Respondents filed the declaration of Tara Moran and several documents.

The facts are undisputed.  On May 19, 2006, the United States District Court for the Southern District of New York sentenced Petitioner to a 235-month term of incarceration.[2]  The challenged sanctions arose from several incidents involving telephone abuse that occurred prior to sentencing (during the period from December 21, 2004, through July 7, 2005) while Petitioner was at the Metropolitan Detention Center in New York.  The BOP found that, by making a telephone call on various dates, Petitioner committed the following disciplinary infractions:

---

[1] To the extent that Petitioner challenges the loss of telephone privileges, this claim is not cognizable under 28 U.S.C. § 2241 because it does not affect the fact or duration of Petitioner's confinement.  See Ganim v. Fed. Bureau of Prisons, 235 Fed. Appx. 882 (3d Cir. 2007); Bronson v. Demming, 56 Fed. Appx. 551 (3d Cir. 2002); Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 242 n.5 (3d Cir. 2005).  Alternatively, while the Due Process Clause protects against the revocation of good conduct time, it does not protect against loss of telephone use.  See Sandin v. Conner, 515 U.S. 472 (1995); Torres v. Fauver, 292 F. 3d 141, 150-51 (3d Cir. 2002).

[2] Petitioner's projected release date is September 21, 2021.  (Docket Entry #3, p. 3.)

1. On December 21, 2004, Petitioner used the PAC number of another inmate to make a telephone call after he had exhausted his allotted call time of 400 minutes on December 17, 2004. Based on his admission, the Disciplinary Committee found Petitioner guilty of Code 397, Abuse of Telephone, and sanctioned him to loss of telephone use for 180 days, effective January 4, 2005. (Docket Entry # 3-1, p. 40-41.)

2. On January 5, 2005, while on telephone restriction, Petitioner used the PAC number of another inmate to place a telephone call. Based on his admission, the Disciplinary Committee again found Petitioner guilty of Code 397 and sanctioned him to loss of phone privileges for an additional nine months, ending on March 28, 2006, and loss of commissary privileges for 90 days. (Docket Entry #3-2, pp. 5-6.)

3. On January 7, 2005, while on telephone restriction, Petitioner used the PAC number of another inmate to place a call and he instructed the female who answered to send another inmate $125.00. After a hearing, the Disciplinary Hearing Officer found Petitioner guilty of Code 397 and sanctioned him to a consecutive three-year loss of telephone use. (Docket Entry #3-2, pp. 28-30.)

4. On January 9, 2005, while on telephone restriction, Petitioner used the PAC number of another inmate to place a telephone call to his mother. Based on his admission, the Disciplinary Hearing Officer found him guilty of Code 397 and sanctioned him to a consecutive loss of telephone use for 18 months, 14 day loss of good conduct time, and 21 days in disciplinary segregation (suspended pending 180 days of clear conduct). (Docket Entry #3-2, pp. 15-16.)

5. On July 7, 2005, Petitioner placed a telephone call using the PAC number of another inmate, while he was on telephone restriction. Based on his admission, the Disciplinary Hearing Officer found him guilty of Code 297 Telephone Abuse and sanctioned him to an additional two-year loss of telephone privileges (ending September 27, 2012), 30 days in segregation, 27 days of good conduct time, 120 day loss of commissary (suspended) and 150 day loss of visits (suspended pending 180 days of clear conduct.) (Docket Entry #3-2, pp. 41-42.)

Although Petitioner repeatedly attempted to exhaust administrative remedies with respect to each disciplinary sanction, he did not complete the three-tier exhaustion until 2009. In 2008, Petitioner submitted a request for administrative remedy asking the Warden to review the telephone sanction and reinstate some telephone use. (Docket Entry #3-1, p. 29.) On June 13, 2008, Warden Jerry C. Martinez denied relief. (Id., p. 30.) Petitioner appealed to the Regional Director, requesting leniency because he was charge-free for over three years and he was a pretrial detainee at the time the sanctions were imposed. (Id., p. 32.) On December 8, 2008, Regional Director D. Scott Dodrill denied the appeal, finding that Petitioner failed to present a valid reason for failing to timely appeal each sanction and that the Warden lacked the authority to reinstate his telephone privileges. (Id., p. 33.) Petitioner appealed to the Central Office. On March 11, 2009, Harrell Watts, Administrator of National Inmate Appeals, denied relief on the merits:

> This is in response to your Regional Administrative Remedy in which you request that your phone privileges be reinstated . . . . As noted in your Regional Director's response, you incurred several incident reports from non-criminal telephone abuse in December 2004, January 2005, and July 2005. You will not be permitted access to the ITS-II telephone system based on your multiple history of abuse of the system. Therefore, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy. Your appeal is denied.

(Docket Entry #3-1, p. 35.)

Petitioner executed the Petition presently before this Court on December 7, 2009. The Clerk received it on December 9, 2009. Petitioner presents the following ground:

>   PETITIONER WAS DENIED DUE PROCESS OF LAW AND THE
>   SANCTIONS IMPOSED ARE TOO HARSH, AND ARBITRARY IN NATURE;
>   THE B.O.P. FAILS TO FOLLOW ITS OWN POLICY IN THE DEPRIVATION
>   OF PETITIONER'S LIBERTY.

(Docket Entry #1, p. 12.)

Specifically, Petitioner asserts that he received several sanctions for the same conduct and that "[p]ursuant to Program statement 52.70; Petitioner cannot be punished for all three incident[s] if the time place persons involved actions performed are essentially the same for all of the offenses. Acts are classified as different or separate if they have different elements to the offense. P.S. 5270.07 Chapter-4-page 18." (Docket Entry #1, p. 12.) Citing § 541.13(4)(C), Petitioner also argues that the length of the loss of telephone use violates federal regulations, which limit suspension of privileges to six months. (Id., p. 13.)

Respondents argue that the Petition should be dismissed for failure to exhaust administrative remedies and because the BOP did not violate due process or its own regulations and policies in imposing the disciplinary sanctions. (Docket Entry #3.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in

custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition.  See Woodall, 432 F.3d at 242-44.

B.  Abuse of Discretion Standard

Petitioner argues essentially that the sanctions must be set aside because the BOP abused its discretion by imposing multiple sanctions for the same conduct in violation of Program Statement 5270.07 and by imposing sanctions greater than those authorized by BOP regulations.  The Administrative Procedure Act ("APA"), see 5 U.S.C. § 706(2)(a); Lopez v. Davis, 531 U.S. 230, 240 (2001); Edwards v. United States, 41 F.3d 154, 156 (3d Cir. 1994), requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971) ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ...."), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State

Farm Mutual Auto. Ins., 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).

      To make this finding that agency action was not arbitrary or capricious, a court must review the administrative record that was before the agency at the time of the decision, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency."  Overton Park, 401 U.S. at 416.  Reversal of agency action is required "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]."  C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

C.  Due Process

      The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides:  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  Federal inmates possess a liberty interest in good conduct time.  See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F. 2d 1396, 1399 (3d Cir. 1991); Levi v. Holt, 192 Fed. App'x. 158 (3d Cir. 2006).  Where a prison disciplinary hearing results in the loss of good conduct time, due process requires:  (1) 24 hours advance written notice of the disciplinary charges; (2) a hearing with the right to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary

action.  See Wolff, 418 U.S. at 564-566.  In addition to the requirements of Wolff, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).  The Supreme Court explained the "some evidence" standard in this passage of Hill:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [officer].

Hill, 472 U.S. at 455-456; see also Thompson, 889 F.2d 500.

Although Petitioner contends that the BOP violated due process, he fails to specify what the BOP did or failed to do that violated his due process rights.  This Court has reviewed the record and concludes that Petitioner has not shown any violation of due process.  Moreover, each disciplinary decision was supported by some evidence.

D.  Violation of BOP Regulations and Policy

BOP regulations authorize the BOP to impose sanctions when an inmate "is found to have committed a prohibited act."  28 C.F.R. § 541.13(a).  Prohibited acts under BOP regulations include codes 297 and 397, both entitled "Use of telephone for abuses other than criminal activity."  28 C.F.R. § 541.13, Table 3.  Petitioner contends that Respondents violated BOP regulations and policy because "six months of restricted privileges may be the maximum penalty allowed."  (Docket Entry #1, p. 13.)  He further argues that the BOP imposed multiple sanctions

for the same conduct. However, the disciplinary regulation specifically permits loss of privileges without time restriction for abuse of the telephone, and also authorizes increased sanctions for repetition of the same offense. Specifically, sanctions for violation of codes 297 and 397 may include loss of privileges for a specified time period, without limit. See 28 C.F.R. § 541.13, Table 3.[3] Also, Table 5, which is entitled Sanctions for Repetition of Prohibited Acts Within Same Category, provides: "When the Unit Discipline Committee or DHO finds that an inmate has committed a prohibited act in the Low Moderate, Moderate, or High category, and when there has been a repetition of the same offense(s) within recent months (offenses for violation of the same code), increased sanctions are authorized to be imposed by the DHO according to the following chart." 28 C.F.R. § 451.13, Table 5. For a 300 series offense, the BOP may impose increased sanctions for a second offense (or more) committed within 12 months. See 28 C.F.R. § 451.13, Table 5.

Because each telephone call constituted a separate violation of Code 397 or 297 and BOP regulations authorize increased sanctions for repetitive violations of the same offense within a 12-month period, Petitioner's claim regarding the imposition of multiple sanctions for the same offense is without merit. Similarly, because the regulations do not limit the duration of the loss of privileges, Petitioner's claim regarding a six-month time limit fails. This Court will dismiss

---

[3] Loss of privileges is explained as follows: "The DHO or UDC may direct that an inmate forego specific privileges for a specified period of time. Ordinarily, loss of privileges is used as a sanction in response to an abuse of that privilege. However, the DHO or UDC may impose a loss of privilege sanction not directly related to the offense when there is a lack of other appropriate sanctions or when imposition of an appropriate sanction previously has been ineffective." 28 C.F.R. § 541.13, Table 4(2)(g).

the Petition with prejudice because Respondents did not violate the Constitution, laws or treaties of the United States.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with prejudice.


        s/Robert B. Kugler
        **ROBERT B. KUGLER, U.S.D.J.**

Dated:   April  1  , 2011